**Kuldip SINGH, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 03–73485.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 13, 2005.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Mary Jane Candaux, Esq., and Leslie Cayer Ohta, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Kuldip Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the credibility findings of the BIA under the "substantial evidence" standard. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). To the extent the BIA adopted the IJ's findings and reasoning, we review the IJ's decision as if it were the decision of the BIA. *Id.* We deny the petition for review.

Substantial evidence supports the IJ and BIA's adverse credibility determinations, based on Singh's demeanor and his failure to present either plausible or specific testimony regarding his political activities. *See Singh–Kaur,* 183 F.3d at 1149. Singh has not shown that the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS,* 111 F.3d 720, 724

---

(9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Because Singh failed to demonstrate that it is more likely than not that he would be tortured if he returned to India, the IJ properly denied his CAT claim. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.